FILED
2021 Sep-01 PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DONNA CAGLE,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | |
| ) | **Civil Action No. 1:20-CV-01365-CLS** |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Donna Cagle, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Ms. Cagle's claim for a period of disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her subjective complaints of pain and that the ALJ's finding that claimant had the residual functional capacity to perform medium work is not supported by substantial evidence. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

**A.    Subjective complaints of disabling symptoms**

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant's medically determinable impairments of lumbar degenerative disc disease and polyneuropathy could reasonably be expected to cause the symptoms she alleged, but that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[2] He reached that conclusion after consideration of her testimony and all of the objective medical evidence of record, which indicated that her pain was controlled by medication. Accordingly, the ALJ's conclusion was in accordance with applicable law. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

**B.    Residual Functional Capacity**

The ALJ found that claimant had "the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) except no climbing of ladders, ropes, or scaffolds; no unprotected heights; frequent climbing of ramps and stairs,

---

[2] Tr. 20.

balance, stoop, crawl, and crouch."[3] He made the determination after assessing all of the objective medical evidence, claimant's subjective complaints, and the vocational expert's testimony, and explained his rationale.[4] Claimant contends that the ALJ erroneously found that she could perform medium work since she "is rarely on her feet and would need a sit/stand option to do any job."[5] She fails to point to any evidence in the record, other than her subjective complaints, to support her position. Moreover, her argument that none of claimant's treating physicians opined that she could perform medium work is misplaced, as a medical opinion is not required to support an ALJ's RFC finding. *See Langley v. Astrue*, 777 F. Supp. 2d 1250, 1261 (N.D. Ala. 2011) ("The Commissioner's regulations do not require the ALJ to base his RFC finding on an RFC assessment from a medical source."). Notwithstanding, the ALJ found persuasive the conclusion of State agency physician Robert G. Haas, based on his review of claimant's medical records, that she was "limited to lift, carry, push and pull 50 pounds occasionally, and 25 pounds frequently, and can sit, stand, and walk about 6 hours in an 8-hour workday."[6] As such, the ALJ's RFC finding is

---

[3] Tr. 19.

[4] Tr. 19-21

[5] Doc. no. 13, at 12-13.

[6] Tr. 20-21.

supported by substantial evidence.

**C.     Conclusion**

In summary, the court concludes that the ALJ's decision regarding claimant's disability was supported by substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.

Costs are taxed to claimant.  The Clerk is directed to close this file.

DONE and ORDERED this 1st day of September, 2021.

                                                                              *[signature]*
                                                                              Senior United States District Judge